IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01586-BNB

DANNY O. DANIELS,

    Plaintiff,

v.

ARAPAHOE COUNTY DISTRICT COURT,
COLORADO DEPARTMENT OF CORRECTIONS,
THE HONORABLE JUDGE JOHN L. WHEELER, in his official capacity,
REBECCA GLEASON, in her individual capacity,
DANA WILKS, in her individual capacity,
PHILLIP TEDESCI, in his individual and official capacity,
ARISTEDES ZAVARAS, in his official capacity,
JAMES MICHAUD, in his official capacity, and
BURL McCULLAR, in his individual and official capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -9 2008

GREGORY C. LANGHAM
    CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Danny O. Daniels is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Bent County Correctional Facility at Las Animas, Colorado. Mr. Daniels initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On August 14, 2008, Magistrate Judge Craig B. Shaffer ordered Mr. Daniels to file an amended complaint in order to clarify the claims he is raising in this action. On September 5, 2008, Mr. Daniels filed an Amended Prisoner Complaint. He seeks an award of damages as well as declaratory and injunctive relief.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Daniels is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(2), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that seeks monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the amended complaint in part because Mr. Daniels seeks monetary relief from defendants who are immune from such relief.

The Court must construe the amended complaint liberally because Mr. Daniels is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Daniels is challenging the use of a California conviction to classify him as a sex offender. He alleges that he pled guilty to statutory rape in California in 1991 in exchange for the dismissal of other criminal charges. He further alleges that, despite provisions in his California plea agreement that the dismissed charges would not be used against him and that he would not be required to register as a sex offender, the dismissed charges arose in 2007 in the context of a Colorado criminal case. Mr. Daniels asserts that, on May 22, 2007, Defendant Dana Wilks prepared and submitted

2

a presentence investigation report to the Arapahoe County District Court that concluded Mr. Daniels is an untreated sex offender who was convicted of forcible rape in California in 1991. He further asserts that on June 6, 2007, Defendant Rebecca Gleason, the prosecutor in his Colorado case, petitioned the Arapahoe County District Court to order Mr. Daniels to undergo a psychosexual evaluation pursuant to Colo. Rev. Stat. § 16-11.7-104 based on the presentence investigation report. Mr. Daniels alleges that Defendant Judge John L. Wheeler granted that petition. Mr. Daniels contends that, as a result of the evaluation, it was recommended that he undergo sex offender treatment and not have contact with persons under the age of eighteen. Mr. Daniels further contends that the evaluation was transmitted to the DOC and that DOC officials have adopted the recommendation and are classifying him as a violent sex offender.

Mr. Daniels asserts a number of claims alleging that Defendants have violated his constitutional rights. He also asserts state law tort claims against Defendants. As noted above, Mr. Daniels seeks damages as well as declaratory and injunctive relief. The specific injunctive relief he seeks is a permanent injunction against the use of his California plea to force treatment as a sex offender or to deny him any civil rights, an order to expunge inaccurate information from his working and mental health files, and to expunge the psychosexual evaluation from all records relating to him.

The claims Mr. Daniels asserts against Judge Wheeler must be dismissed because judges are absolutely immune from liability in suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v.*

*Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). It is apparent that Judge Wheeler was acting in his judicial capacity when he ordered Mr. Daniels to undergo a psychosexual evaluation and Mr. Daniels makes no allegation that Judge Wheeler was acting in the clear absence of all jurisdiction. Furthermore, Judge Wheeler is entitled to immunity even if Mr. Daniels is correct that the order to undergo a psychosexual evaluation was erroneous because he is not a sex offender. *See Stump*, 435 U.S. at 356-57. Therefore, the claims for damages asserted against Judge Wheeler are barred by absolute judicial immunity and will be dismissed. Judge Wheeler also will be dismissed as a party to this action because Mr. Wheeler does not seek prospective injunctive relief against him.

The Court next will address the claims against the Arapahoe County District Court. Although Mr. Daniels lists the Arapahoe County District Court as a separate Defendant, he does not assert any claims against the state court that are separate and distinct from the claims he asserts against Judge Wheeler. In any event, the Arapahoe County District Court is a state entity that is entitled to Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional

4

enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the claims for damages against the Arapahoe County District Court will be dismissed and the Arapahoe County District Court also will be dismissed as a party to this action.

Defendant Gleason, the deputy district attorney who prosecuted Mr. Daniels in the Arapahoe County District Court, also will be dismissed as a party to this action. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt*, 17 F.3d at 1267. As noted above, Mr. Daniels alleges that Defendant Gleason violated his rights by petitioning the state court to have Mr. Daniels undergo a psychosexual evaluation based on the presentence investigation report. Because this act occurred in the course of Defendant Gleason's role as prosecutor, Defendant Gleason is entitled to absolute prosecutorial immunity regarding the claims for damages asserted against her. Defendant Gleason also will be dismissed as a party to this action because Mr. Daniels does not seek any prospective injunctive relief against her.

Finally, the claims for damages asserted against Defendant Wilks also are barred on immunity grounds. Defendant Wilks is being sued for her preparation and submission of a presentence investigation report that concluded Mr. Daniels was an untreated sex offender. However, preparation of a presentence investigation report is an important part of the judicial process and a probation officer is absolutely immune

5

from a civil suit for damages when the officer's actions "are intimately associated with the judicial phase of the criminal process." *Tripati v. I.N.S.*, 784 F.2d 345, 348 (10th Cir. 1986). Therefore, the claims for damages against Defendant Wilks also must be dismissed on immunity grounds and, because Mr. Daniels does not seek prospective injunctive relief from Defendants Wilks, Defendant Wilks also will be dismissed as a party to this action.

The Court will not address at this time the merits of Mr. Daniels' claims against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendants Arapahoe County District Court, the Honorable Judge John M. Wheeler, Rebecca Gleason, and Dana Wilks are dismissed pursuant to 28 U.S.C. § 1915A(b)(2) because these Defendants are entitled to immunity. It is

FURTHER ORDERED that Defendants Arapahoe County District Court, the Honorable Judge John M. Wheeler, Rebecca Gleason, and Dana Wilks are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 8 day of Oct, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01586-BNB

Danny O. Daniels
Prisoner No. 138191
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/9/08

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk