IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01586-LTB-MEH

DANNY O. DANIELS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
PHILLIP TEDESCI, in his individual and official capacities,
ARISTEDES ZAVARAS, in his individual and official capacities,
JAMES MICHAUD, in his individual and official capacities, and
BURL MCCULLAR, in his individual and official capacities,

    Defendants.

---

**ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY**

---

Pending before the Court is Defendants'[1] Motion to Stay Discovery Pending Resolution of Qualified Immunity Defense [filed April 8, 2009; docket #69]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the Motion has been referred to this Court. Oral argument would not materially assist the Court in its adjudication. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Stay Discovery.

**I.    Background**

Plaintiff is a prisoner in Colorado who has filed a *pro se* civil rights Complaint. In accordance with this Court's order, Plaintiff filed a Second Amended Complaint on January 20, 2009, alleging generally that Defendants breached a plea agreement from 1991 when they ordered him to undergo

---

[1] The motion is brought on behalf of Defendants Colorado Department of Corrections, Zavaras, Michaud and McCullar. The Court attempted service on Defendant Tedesci at the address provided by Plaintiff; however, the address was vacant and no service was made. *See* docket #77.

a psychosexual evaluation without the proper statutory authority. Specifically, Plaintiff challenges the use of a California conviction to classify him as a sex offender. He alleges that he pled guilty to statutory rape in California in 1991 in exchange for the dismissal of other criminal charges. In addition, he alleges that, despite provisions in his plea agreement that the dismissed charge would not be used against him and that he would not be required to register as a sex offender, the dismissed charges came to the state's attention in 2007 in the context of a Colorado criminal case. Plaintiff contends that he was required to undergo a psychosexual evaluation, from which the evaluator recommended that he undergo sex offender treatment and not have contact with persons under the age of eighteen (including his children). He asserts that the evaluation was transmitted to the DOC and that DOC officials have adopted the recommendation and are classifying and requiring him to register as a sex offender, withholding good time credits, and placing restrictions on where he can live and with whom he may associate. Based upon the foregoing, Plaintiff brings a number of claims against Defendants in their official and individual capacities alleging that they have violated his constitutional rights and certain state laws. He seeks money damages along with declaratory and injunctive relief.

Defendants filed a Motion to Dismiss Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on March 13, 2009. Docket #52. In the motion, Defendants contend they are not bound by the terms of the California plea agreement, that the agreement contains no promises or agreements barring them from classifying Plaintiff as a sex offender, and that Plaintiff fails to state claims for due process violation, interference with familial association, a right to earned time credit, double jeopardy, ex post facto rights, Fourth Amendment violation or for self-incrimination. *Id.* Thereafter, Defendants filed the within motion, asserting that discovery in this matter should be stayed because the Motion to Dismiss is based in part on qualified immunity. Docket #69 at 2. Plaintiff responded arguing that Defendants are not entitled to qualified immunity, but making no

argument as to why a stay should not be granted pending resolution of that issue. *See* docket #78.

## II.     Discussion

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery"). As Defendants in their individual capacities raise qualified immunity as a defense in the pending Motion to Dismiss, the Court must follow Supreme Court precedent regarding staying discovery until resolution of the immunity question. Thus, the Court grants the Motion to Stay as applied to Plaintiff's claims against Defendants Zavaras, Michaud and McCullar in their individual capacities.

The Court also finds that a stay of discovery is appropriate as to the Defendants in their official capacities and to the remaining Defendant Colorado Department of Corrections. Generally, a stay of all discovery is disfavored in this District. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02519-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (unpublished). However, in this case, the Plaintiff does not distinguish any facts or claims between Defendants in their official or individual capacities. In evaluating a request for a stay of all discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

>    convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-1934, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006) (unpublished); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay as to all Defendants is appropriate here, pending the adjudication of the Motion to Dismiss. *See String Cheese,* 2006 WL 894955, at *2. In its first consideration, the Court balances Plaintiff's desire to proceed expeditiously with his case against the burden on Defendants of going forward. *Id.* There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by Defendants' burden in conducting and responding to discovery for Plaintiff's claims that are brought against all Defendants, whether in official or individual capacities. In light of the Supreme Court's instruction regarding qualified immunity, the Court finds that the potential harm to Plaintiff in any brief delay is outweighed by the burden on Defendants.

The remaining *String Cheese* factors (*i.e.*, the Court's efficiency and interests of nonparties and the public in general) do not prompt a different result. *See String Cheese,* 2006 WL 894955, at *2. Considering judicial efficiency and economy and the burden of discovery as described, the Court finds that a complete stay pending resolution of the Motion to Dismiss is appropriate at this stage of the litigation.

## III.  Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery Pending Resolution of Qualified Immunity Defense [filed April 8, 2009; docket #69] is **granted**. Discovery is stayed pending resolution of Defendants' Motion to Dismiss. The

parties shall file a status report within five business days of receiving a ruling on the Motion to Dismiss.

Dated at Denver, Colorado, this 29th day of April, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge